UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DAVID URIEL ABRAMI, | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | C.A. No.: 09-30176-MAP |
| | : | |
| TOWN OF AMHERST, | : | |
| CHARLES L. SCHERPA, | : | |
| MARCUS A. HUMBER and | : | |
| RYAN A. TELLIER, | : | |
| **Defendants.** | : | |
| | : | |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

Now come the Town of Amherst, Charles L. Scherpa, Marcus A. Humber and Ryan A.
Tellier (collectively referenced herein as "the defendants") and hereby oppose the plaintiff's
Motion for Reconsideration of Judgment Granting Defendants' Motion for Summary Judgment.
Cast against the backdrop of an exacting standard that counsels district courts to grant motions
for relief from judgment only "sparingly[,]" the plaintiff's motion, advanced pursuant to
Fed.R.Civ.P. 60 (b),[1] has failed to demonstrate the appropriateness of the "extraordinary" relief
he seeks. *See Karak v. Bursaw Oil Corp.*, 288 F.3d 15, 19 (1st Cir. 2002). In fact, through a
motion lacking in any legal argument and setting forth factual assertions that reveal only a
neglectful slumber and an assumption of the risks associated with reliance upon an unidentified

---

[1]    In the introductory paragraph of his motion, the plaintiff references Fed.R.Civ.P. 6, 59 (e)
as well as 60 (b). Although the motion does not make it clear, it is presumed that the plaintiff
has cited to that portion of Rule 6 that permits this Court, following the expiration of a deadline,
to extend the time for the performance of certain acts for good cause and based upon a
demonstration of "excusable neglect." *See* Fed.R.Civ.P. 6 (b) (1) (B). In that way, it is
suggested that it is more appropriate for this Court to conduct its analysis, given that judgment
has entered, pursuant to Fed.R.Civ.P. 60 (b) (1) and its "excusable neglect" inquiry.
As to the motion's invocation of Fed.R.Civ.P. 59 (e), the plaintiff's reliance is misplaced
insofar as Rule 59 only has applicability through motions to amend or alter judgments entered
following a trial. *See* Fed.R.Civ.P. 59 (a).

paralegal to oppose the defendants' motion for summary judgment, the plaintiff's motion for relief has provided this Court with no adequate basis on which to disturb the finality of the judgment entered here. As further grounds in support of this opposition, the defendants state as follows:

## I.      PROCEDURAL TRAVEL

As relevant for present purposes, the scheduling order issued by this Court following the initial scheduling conference directed that any motion for summary judgment be filed by December 17, 2010 and that, after deadlines for further motion practice in the form of opposition and reply memoranda, the summary judgment hearing be held on February 17, 2011, with a final pretrial conference then to occur on March 15, 2011 and trial to commence on April 11, 2011.[2] *See* Document 13.

On December 16, 2010, the defendants sought, and were granted, an emergency extension of time for a summary judgment filing to and including December 21, 2010. *See* Document 18 and related Court order. That motion to extend did not alter the summary judgment hearing date, nor did it impact the final pretrial conference and trial dates. *See id.* In compliance with the order, the defendants' motion for summary judgment, with accompanying memorandum, was filed on December 21, 2010. *See* Documents 21 and 22.

Later, with an opposition due on January 13, 2011, the plaintiff filed an assented to emergency motion to extend the deadline for his summary judgment response to January 17,

---

[2]      Through the plaintiff's failure to file a timely opposition to the defendants' motion for summary judgment, the dates for the defendants to file a reply memorandum and for a summary judgment hearing to be held already have passed. Further, given that the plaintiff now seeks a reopening of the summary judgment issue, the ability of this Court to engage in that task while maintaining the final pretrial conference date and the date for the commencement of trial are compromised severely.

2011. *See* Document 23. On the same day, this Court granted the plaintiff's request for the opposition deadline *that he chose*, also moving the deadline for any reply memorandum to January 27, 2011.

In a second motion to extend that, through a facsimile transmission line, appears to have been sent to the Court at 6:38 p.m. on January 18, 2011 and filed the next day, the plaintiff sought a further extension, to and including January 19, 2011, for the filing of his opposition. *See* Document 25. As the basis for the request, the plaintiff cited the holiday that closed the courthouse on January 17, 2011 and adverse weather conditions that prevented a filing on January 18, 2011. *See id.* Critically, this second motion to extend, faxed to the Court after normal business hours on January 18, 2011, contained no hint that the plaintiff would not be able to comply with the opposition deadline *that he was setting for himself* of the following day, January 19, 2011. That second motion to extend was granted by the Court on January 21, 2011.

Despite the plaintiff choosing January 19, 2011 as the date by which his opposition was to be filed, no opposition was filed on that date. Indeed, the plaintiff engaged in no litigation conduct, whether through the filing of a summary judgment opposition or through a further motion to extend, for more than two weeks. On February 3, 2011, with the opposition deadline having passed and with the defendants' reply deadline also having passed, this Court entered an order granting the defendants' motion for summary judgment on its merits and also based on the plaintiff's failure, despite extensions, to file an opposition. On the same day, this Court entered judgment in accordance with its order. *See* Document 26.

Apparently not spurred to action by the entry of judgment in favor of the defendants, the plaintiff continued to remain silent for almost two additional weeks until the filing of his motion for reconsideration on February 16, 2011. This opposition follows.

3

## II.    THE PLAINTIFF'S MOTION

A review of the plaintiff's motion reveals his request for relief from judgment to be predicated principally upon the lackluster work produced of "an alleged paralegal" that the plaintiff "hired" in order "to assist" in drafting an opposition to the defendants' motion for summary judgment. *See* Mot. for Reconsideration, p. 2, ¶ 8.[3] While the plaintiff states that the unidentified paralegal was retained to "assist" in the drafting of an opposition, it appears from the plaintiff's recitation of the relevant factual chronology that the paralegal was tasked to do much more than just render aid. Specifically, after abiding by the paralegal's "instruction[]" to file for an extension of time to move the summary judgment opposition deadline to January 17, 2011; *see* Mot. for Reconsideration, p. 2, ¶ 9; the plaintiff indicates that he was unable to have the opposition delivered to him on *January 18, 2011* due to inclement weather. *See id.*, p. 2, ¶ 10.

That inability to have the opposition delivered prompted the plaintiff to file his second emergency motion to extend the opposition deadline to January 19, 2011. *See id.* The plaintiff then indicates that "shortly" after the filing of the second emergency motion to extend, he received by email the paralegal's opposition. *See* Mot. for Reconsideration, pp. 2-3, ¶ 11. In other words, the plaintiff selected January 19, 2011 as the date by which he wished to submit his opposition despite not having received or reviewed the opposition as late as the evening of January 18, 2011. Quite obviously, such a choice carries with it an assumption of great risk.

---

[3]    The motion also makes reference to document production to the plaintiff that occurred in November, 2010 and, after the execution of a confidentiality agreement, in December, 2010, which, the plaintiff asserts, he has not had adequate time to review. *See* Mot. for Reconsideration, pp. 1-2, ¶ 4. It is worthy of note, however, that the plaintiff did not reference the volume or timing of any document production in either of his two motions to extend the time to file his summary judgment opposition.

Beyond attempting to focus attention on the insufficient work product of the unidentified paralegal, the plaintiff's motion curiously omits any explanation as to a number of points that bear directly upon the question of whether the plaintiff's failure to file a timely opposition constitutes excusable neglect. First, the plaintiff does not explain why, during the course of the paralegal's drafting of an opposition, he did not see fit to review any drafts in order to ensure that the work product was to the plaintiff's liking. Second, once the plaintiff realized the insufficiency of the paralegal's opposition on January 18, 2011, the plaintiff's motion contains no explanation as to why the plaintiff did not file a further motion to extend the deadline for filing an opposition, as he had done twice prior, in the two weeks that followed until the entry of judgment occurred on February 3, 2011. Given the plaintiff's two prior motions to extend, the plaintiff personally had demonstrated a familiarity with the deadlines imposed by this Court as well as with the need to take some form of affirmative action to comply with those deadlines. In addition to his opposition deadline passing without comment from the plaintiff, the plaintiff also would have been aware of the reply memorandum deadline for the defendants passing soon thereafter.

Third, the plaintiff fails to explain why he continued to remain silent for approximately two additional weeks after the entry of judgment before finally filing his motion for relief. The plaintiff's period of slumber continued until February 16, 2011, which was the day before the summary judgment hearing was to have taken place had the motion practice gone as the Court directed.

## III.    ARGUMENT

### A.    STANDARD OF REVIEW

As the First Circuit Court of Appeals has made pellucid, "relief under Rule 60 (b) is extraordinary in nature and . . . motions invoking that rule should be granted sparingly." *Kurak*, 288 F.3d at 19. The standard is a demanding one given that, by its very nature, a Rule 60 (b) motion seeks to disturb a final judgment, thereby impacting both the interests of an opposing party and "the law's institutional interest in finality." *Id.* Unfortunately for the goal of responsive analysis, beyond the plaintiff's solitary citation to Fed.R.Civ.P. 60 (b) in his introduction, the plaintiff's motion otherwise contains no development of any legal argument concerning the application of the rule to this set of circumstances. *See generally* Mot. for Reconsideration. That failure to cite any authority in support of his request for relief stands in marked contrast to the plaintiff's demonstrated ability to make some form of legal argument to support his positions, as exemplified most recently in his proposed memorandum of law opposing the defendants' summary judgment motion. *See* Document 29. Given that the plaintiff here bears the burden of demonstrating the appropriateness of extraordinary Rule 60 (b) relief, this Court would be within its discretion to deny the motion for relief simply based upon the failure to provide the Court with necessary and appropriate legal argument.

That failure to construct a legal argument also makes this Court's task far more onerous, insofar as Fed.R.Civ.P. 60 (b) is comprised of six separate subsections, with the first five containing precise language that cabins the application of that subsection to certain discrete situations; *see* Fed.R.Civ.P. 60 (b) (1) - (5); and with the sixth subsection a catch-all provision that authorizes relief from judgment "for any other reason that justifies relief." Fed.R.Civ.P. 60 (b) (6). By their terms of limitation, the first five subsections of Rule 60 (b) are mutually

exclusive and, similarly, the First Circuit Court of Appeals has directed that a motion seeking relief pursuant to subsection (6) "is appropriate only when none of the first five sections pertain, and section (6) may not be used as means to circumvent those five preceding sections." *Ahmed v. Rosenblatt*, 118 F.3d 886, 891 n.9 (1st Cir. 1997).   In short, the plaintiff's failure to identify the provision or provisions of Rule 60 (b) upon which he seeks relief renders considered analysis problematic.

From a review of the assertions that are contained in the plaintiff's motion; *see* Section II of this opposition; it appears most likely that the plaintiff has sought relief pursuant to that portion of Rule 60 (b) (1) that permits relief on grounds of "excusable neglect."[4]   "The determination of excusable neglect 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Deo-Agbasi v. Parthenon Group*, 229 F.R.D. 348, 351 (D.Mass.2005) citing *Pioneer Invest. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).   Included as within the appropriate calculus of factors are "the danger of prejudice . . ., the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Deo-Agbasi*, 229 F.R.D. at 351 (citations omitted).

A motion seeking relief pursuant to Rule 60 (b) (1) for excusable neglect must meet a "demanding standard." *United States v. $23,000 in U.S. Currency*, 356 F.3d 157, 164 (1st Cir. 2004).   Although several factors are relevant to the inquiry, "the reason-for-delay factor will

---

[4]      The remainder of Rule 60 (b) (1), covering instances of mistake, inadvertence or surprise, do not appear to have any bearing in this situation.  Similarly, the scope of the remaining Rule 60 (b) subsections, focused upon matters such as newly discovered evidence, fraud, a void judgment as well as a released or satisfied judgment, also appear not to be implicated in this set of circumstances.

always be critical to the inquiry. . . ." *Id.* (citations omitted).  It is within this exacting standard that the plaintiff's motion falls.

### B.  THE PLAINTIFF HAS FAILED TO DEMONSTRATE THE NECESSARY JUSTIFICATION FOR THE GRANTING OF RELIEF AND THE DISTURBANCE OF THIS COURT'S FINAL JUDGMENT

The plaintiff's proffered rationale to extend him relief in the form of a reopening of this case for consideration of the defendants' summary judgment motion, centered primarily upon the plaintiff's apparently misplaced reliance on an unidentified paralegal to draft the opposition for him, fails to pass muster within the legal framework for a Rule 60 (b) motion.  Although, at least at the surface level,[5] the plaintiff has proceeded in this matter in a pro se status, it is well settled that such a choice "is not a license not to comply with relevant rules." *Eagle Eye Fishing Corp. v. United States Dep't of Commerce*, 20 F.3d 503, 506 (1st Cir. 1994); *see also FDIC v. Anchor Props.*, 13 F.3d 27, 31 (1st Cir. 1994) ("[w]e have consistently held that a litigant's pro se status does not absolve him from compliance with the Federal Rules of Civil Procedure [or] a district court's procedural rules.").

Turning to the constellation of factors appropriate for consideration, as articulated in *Deo-Agbasi*, prejudice not only would be visited upon the defendants from a disturbance of the final judgment that they have obtained in their favor, and which ought be respected in the absence of a compelling reason to disturb it, but this Court's institutional interests and the public policy recognizing the importance of final judgments also would be impacted adversely should the plaintiff's motion for relief be granted.

---

[5]  It is not clear from the plaintiff's motion if the unidentified paralegal had assisted the plaintiff in this litigation previously, such as in the drafting of the complaint or in the preparation of written discovery responses; further, it is unknown whether any other individuals, whether licensed as attorneys or not, have assisted the plaintiff in other ways during the course of this litigation.

Moreover, the length of the plaintiff's delay, both prior to the entry of judgment and after the entry of judgment, has been significant in these circumstances and already has occasioned undesirable consequences to this Court's ability to manage its docket and control its schedule. *See HMG Property Investors v. Parque Indus. Rio Canas*, 847 F.2d 908, 916 (1ˢᵗ Cir.1988) ("[i]t has long been the rule that federal courts possess plenary authority to manage their own affairs so as to achieve the orderly and expeditious disposition of cases").  As a direct result of the plaintiff's failure to meet the opposition deadline he selected, the deadline for the defendants to file a reply brief has passed and the date on which this Court was to hear summary judgment arguments also has passed.  As a further consequence of the plaintiff's inaction, the ability of the parties and the Court to adhere to the schedule that called for a final pretrial conference in mid-March and the commencement of trial in April would be weakened or extinguished given that, at this late date, the Court now would be called upon to establish a deadline for a reply memorandum, to schedule oral argument on the motion for summary judgment and then leave itself sufficient time to consider the motion prior to any trial-related events.

As to the "critical" factor evaluating the plaintiff's submitted reason for his delay, the plaintiff's decision to rely upon a paralegal to create the opposition to the defendants' summary judgment motion simply does not counsel in favor of awarding relief.  Although the plaintiff is not an attorney, when he made the decision to employ a paralegal for the purpose of opposing the defendants' summary judgment motion, he installed himself as the supervisor of that relationship and, according to his own motion, adhered to that role through his review of the work product, his determination that it was not of a quality to his liking and, as a result, his redrafting of the opposition. *See* Mot. for Reconsideration, pp. 2-3, ¶ 11.  In this way, this situation is substantially similar to the circumstances presented in *Deo-Agbasi*, 229 F.R.D. at 352-53, where

9

the busy workload of a paralegal was rejected as evidencing excusable neglect after an attorney's failure to file a timely opposition to a motion to dismiss. As Judge Wolf explained, "it was [the attorney's duty], not [the paralegal's] to respond to the motion. It would be injurious to the interests of justice to find that the improper delegation of responsibility to a paralegal to practice law can, or in this case does, constitute or contribute to excusable neglect." *Id.*, 353.[6] Just as an attorney who delegates functions to a paralegal remains ultimately responsible for filings and for adherence to the rules, so too should a pro se plaintiff who employs a paralegal for a task overseen by the plaintiff remain ultimately responsible for matters related to deadline compliance and the proper advancement of the litigation.

It also plainly is the case that compliance with this Court's summary judgment opposition deadline was within the reasonable control of the plaintiff at all times. Of note, the plaintiff, when confronted with a deadline that he did not believe that he could meet for a summary judgment opposition, twice sought, and was granted, an extension of that deadline. This demonstrates a personal understanding of the need, when compliance with a deadline is not possible for whatever reason, to take some affirmative steps with the Court to seek relief in a timely fashion. With respect to the January 19, 2011 opposition deadline, the plaintiff took absolutely no steps with the Court, either before the deadline passed or in the almost one month after the deadline until the February 16, 2011 motion for reconsideration, to adjust the deadline; instead, the plaintiff remained silent and ran the risk that his silence would cost him.

It also is worthy of mention that the January 19, 2011 deadline, as the January 17, 2011 deadline before it, was self-imposed by the plaintiff. Despite apparently not having seen a draft

---

[6]     As *Deo-Agbasi* recognizes, in federal court an individual may appear only pro se or through an attorney. *Id.*, 353 (collecting cases). Absent appropriate supervision, the delegation of tasks which constitute the practice of law to a paralegal would be improper.

opposition from his paralegal, the plaintiff twice personally selected a deadline by which he was to comply with the scheduling order of this Court through the filing of a summary judgment opposition. As the First Circuit has indicated, "[w]hen a litigant seeks an extension of time and proposes a compliance date, the court is entitled to expect that the litigant will meet its self-imposed deadline." *Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 47 (1st Cir. 2002).

Finally, as to the element focused upon the good faith actions of the plaintiff, it remains unexplained by the plaintiff why he elected not to review any working drafts of an opposition as the deadline approached, leaving himself in the position of reviewing the opposition for the first time the night before the deadline of January 19, 2011.[7] Even if that approach could be considered to be reasonable in the circumstances, the plaintiff also has not explained to this Court why, after having reviewed the opposition and found it to be wanting in substance, the plaintiff failed to file anything with the Court seeking to adjust the opposition deadline further in the more than two weeks that passed after the January 19, 2011 deadline and prior to this Court's entry of judgment. As has been mentioned, the plaintiff's slumber then continued for almost two weeks more, until the February 16, 2011 filing of the motion for reconsideration. Given that the plaintiff bears a heavy burden in seeking Rule 60 (b) relief, it is submitted that the plaintiff's failures to explain adequately his inaction over an extended period of time should weigh heavily upon this Court's consideration of his request for extraordinary relief.

---

[7] This runs contrary to the notion expressed by the plaintiff that the reason he hired a paralegal was because of the dispositive nature of the summary judgment motion and his recognition of the importance of the filing. *See* Mot. for Reconsideration, p. 2, ¶ 8.

## IV.   CONCLUSION

WHEREFORE, the defendants respectfully request that this Court deny the plaintiff's

motion for reconsideration, framed appropriately as a motion for relief from the judgment

entered by this Court on February 3, 2011.

<div style="margin-left:40%">

DEFENDANTS TOWN OF
AMHERST, CHARLES L. SCHERPA,
MARCUS A. HUMBER and RYAN N.
TELLIER,
By their attorney,

/s/ Carole Sakowski Lynch
Carole Sakowski Lynch, BBO #:547718
MORRISON MAHONEY LLP
1500 Main Street, Suite 2400
P.O. Box 15387
Springfield, MA  01115-5387
(413) 737-4373
(413) 739-3125 (Fax)
clynch@morrisonmahoney.com

DEFENDANTS SCHERPA AND
HUMBER,
By their attorney,

/s/ Andrew J. Gambaccini
Andrew J. Gambaccini, BBO #:  654690
Reardon, Joyce & Akerson, P.C
4 Lancaster Terrace
Worcester, MA 01609
508.754.7285
508.754.7220 (Fax)
agambaccini@rja-law.com

</div>

Dated: March 2, 2011

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on March 2, 2011.

/s/ Andrew J. Gambaccini
Andrew J. Gambaccini